EDWARD G. RHEINHEIMER
COCHISE COUNTY ATTORNEY
By: TERRY BANNON
Deputy County Attorney
State Bar No. 015379
tbannon@co.cochise.az.us
P.O. Drawer CA
Bisbee, AZ 85603
(520) 432-8700

*Attorney for County Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES NORD, a single man, dealing with his sole and separate property, <br><br> Petitioner, <br><br> vs. <br><br> ATTORNEY GENERAL, TERRY GODDARD, as agent of Attorney General and TERRY GODDARD Individually and Jane Doe Goddard, DEPARTMENT OF ECONOMIC SECURITY and ARIZONA CHILD PROTECTIVE SERVICES, DAVID BERNS as Agent of DES and CPS, DAVID BERNS and Jane Doe Berns Individually, MARDE CLOSSON as agent of CPS and MARDE CLOSSON and John Doe Closson Individually and MARLYN PIDUCH as agent CPS and MARLYN PIDUCH and JOHN DOE PIDUCH, Individually, COCHISE COUNTY ATTORNEY, EDWARD G. RHEINHEIMER, as Agent of Cochise County Attorney and EDWARD G. RHEINHEIMER and Jane Doe Rheinheimer Individually, COCHISE | **No. CIV06-615 TUC CKJ** <br><br> **COUNTY DEFENDANTS' MOTION TO DISMISS** |

```
COUNTY SHERIFF'S DEPARTMENT,            )
SHERIFF LARRY DEVERS as Agent of CCS,   )
LARRY DEVERS and Jane Doe Devers        )
Individually, OFFICER R.B. CAMACHO as   )
agent of CCS and R.B. Camacho and Jane Doe )
Camacho Individually, Individuals 1-20  )
Agencies A-Z, et al,                    )
                                        )
                    Defendants.         )
_____ )
```

Defendants Edward G. Rheinheimer, individually and as the Cochise County Attorney, Jane Doe Rheinheimer, the Cochise County Attorney's Office, Cochise County Sheriff Larry Dever, individually and as Cochise County Sheriff, Jane Doe Dever, Deputy R.B. Camacho, individually and as "agent" for the Cochise County Sheriff's Office, Jane Doe Camacho (collectively the "County Defendants"), through the undersigned attorney, 1) move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. Rule Civ. Proc. 12(b)(6), and  2) for failing to comply with ARS §12-821.01.

## I. THE COMPLAINT—BACKGROUND

According to the Plaintiff's Complaint, in February, 2006, following a visit to his residence by Deputy Camacho, the Plaintiff was investigated by Child Protective Services for sexual molestation of a ten year old boy; the investigation turned up nothing to substantiate such an allegation; that CPS classified the Plaintiff as a sexual predator that is entered on a "Central Registry".  (Complaint, paragraphs 16 and 20).

## II. THE COUNTS OF THE COMPLAINT

The Plaintiff's Complaint consists of seven (7) counts:

*Count I.*   This count alleges a cause of action under 42 U.S.C. §1983.  However, none of the County Defendants are named in Count I, and no relief against any of them is sought.  Accordingly, this Motion to Dismiss does not address Count I.

*Count II.*   This count alleges a cause of action under 42 U.S.C. §1985.  Of the County Defendants, only Deputy Camacho and the Sheriff's Office are named.  Accordingly, this Motion to Dismiss addresses Count II only on behalf of Deputy Camacho and the Sheriff's Office.

*Count III.*   This count alleges a cause of action under 42 U.S.C. §1986.  However, none of the County Defendants are named in Count III, and no relief against any of them is sought.  Accordingly, this Motion to Dismiss does not address Count III.

*Count IV.*   This count alleges a cause of action for loss of reputation.  However, none of the County Defendants are named in Count IV, and no relief against any of them is sought.  Accordingly, this Motion to Dismiss does not address Count IV.

*Count V.*   This count alleges a cause of action for libel, slander and defamation of character. Deputy Camacho's name is mentioned in Count V, so this Motion to Dismiss will address Count V on his behalf.  None of the other County Defendants is named in Count V nor any relief sought against them.

*Count VI.*   This count alleges a cause of action for infliction of emotional distress. Count VI mentions Deputy Camacho's name and the Sheriff's Office, and so this Motion to Dismiss will address Count VI on their behalf.  None of the other County Defendants is named in Count VI nor any relief sought against them.

*Count VII.* This count seeks a declaratory judgment that the investigation of the Plaintiff violated the law. This Count names the Cochise County Attorney's Office and the Sheriff's Office. None of the other County Defendants is named in Count VII nor any relief sought against them.

## III. THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under the Fed. R. Civ. P.12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. Of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). This rule also provides that a party may move to dismiss for failure to state a claim as a matter of law. In evaluating a 12(b)(6) motion to dismiss, the court may liberally construe the complaint and views it in the light most favorable to the plaintiff. *Espinoza v. Fry's Food Stores, Inc.*, 806 F. Supp. 855, (D.C. Ariz. 1990). Dismissal may be granted under Fed. R. Civ. P. 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Mason v. Arizona*, 260 F.Supp. 2d 807, 814 (P. Ariz. 2003). When analyzing a 12(b)(6) motion the court "need not assume…that the Plaintiff can prove facts different from those alleged in the complaint." Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Id.* at 813. In addition, a district court may dismiss a claim *sua sponte* if the inadequacy of the complaint is apparent as a matter of law. *Hernandez v. McClanahan,* 996 F.Supp 975, (D.C. Cal. 1998).

## IV. ARGUMENT

### A. County Attorney Rheinheimer, Jane Doe Rheinheimer and the County Attorney's Office Must Be Dismissed Because the Complaint Alleges No Conduct Concerning Them

County Attorney Ed Rheinheimer and Jane Doe Rheinheimer are mentioned in the Complaint's case caption and in the recitation of defendants (roman numeral III, page 2), but are not mentioned elsewhere in the complaint. The County Attorney's Office is mentioned in Paragraph 39, Count VII, in which the Plaintiff seeks declaratory relief as failing to comply with the law in investigating the case. However, nowhere does the Complaint even so much as mention that the County Attorney's Office participated in the investigation, advised anyone else concerning the investigation, or anything else. Thus, these three County Defendants must be dismissed for failure to state a claim upon which relief can be granted.

### B. Count II Against Deputy Camacho and the Sheriff's Office Must Be Dismissed Because 1) It Makes Only Conclusory Allegations and 2) In Any Event It Fails to Allege Invidiously Discriminatory Animus as Required Under §1985(3)

Plaintiff's Count II alleges that Deputy Camacho and the Sheriff's Office conspired to interfere with Plaintiff's civil rights in violation of U.S.C. §1985. The only alleged conduct by Deputy Camacho and the Sheriff's Office is that the Deputy visited the Plaintiff's residence under a "ruse" that he was investigating an animal control complaint and that he did not file a report regarding his contact with the Plaintiff. (Complaint, paragraphs 1 through 3).

Even assuming the truth of these allegations, nothing in them suggests facts that amount to a conspiracy. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Mason v. Arizona*, 260 F. Supp 2d 807,814 (P. Ariz. 2003).

Moreover, nothing in the Complaint even hints at a racial or other class-based invidiously discriminatory animus as required in order to state a claim under 42 U.S.C. §1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed. 2d 338 (1971). Accordingly, Count II against Deputy Camacho and the Sheriff's Office must be dismissed. *See Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000).

**C.  Count V Alleging That Deputy Camacho Libeled, Slandered and Defamed the Plaintiff Must Be Dismissed Because There Is No Evidence That The Deputy Published Anything Libelous, Slanderous or Defamatory.**

In his Complaint, Plaintiff seeks damages under the personal injury claim of libel, slander and defamation. This claim bases its roots in an injury which arises from the publication or utterance of a libel or slander or other defamatory material publications or utterances. *Aetna Casualty Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346 (1988). A plaintiff carries the initial burden of proof to show that an objectionable statement is false and made with actual malice. *New York Times v. Sullivan*, 376 U.S. 254, 279-80, 11 L.Ed. 2d 686, 84 S.Ct. 710 (1964).

In his Complaint the Plaintiff never identifies what it is that Deputy Camacho, who was duty bound to investigate the complaint of child molest against the Plaintiff,

either stated or published about the Plaintiff that was false or unfounded. Plaintiff offers absolutely no evidence in support of this allegation. The mere allegation of defamation, without more, is insufficient to support Plaintiff's claim in Count V of his complaint. This Count must be dismissed.

### D. Count VI Claiming Intentional Infliction of Emotional Distress Must Be Dismissed As Plaintiff Fails To Meet the Required Elements For This Claim.

Plaintiff's Count VI alleges intentional infliction of emotional distress against Deputy Camacho and the Cochise County Sheriff's Office. Intentional infliction of emotional distress requires a showing of the following: 1) the conduct by the defendant must be extreme and outrageous, 2) the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct and 3) severe emotional distress must indeed occur as a result of the defendants conduct. *Watts v. Golden Age Nursing Home*, 127 Ariz. 255 at 258, 619 P.2d at 1035 (1980).

Plaintiff fails to provide anything in substantiation of any of the elements necessary for this allegation to survive. He fails to describe the extreme and outrageous conduct, how either Deputy Camacho or the Cochise County Sheriff's Office intended to or recklessly disregarded the near certainty that distress would result, and he fails to even indicate, let alone provide any proof, what emotional distress he has suffered as a result of the defendants conduct. Again, the mere assertion that there was the intentional

infliction of emotional distress is insufficient.  Plaintiff must substantiate this allegation. Having failed to do so Plaintiff's Count VI must be dismissed.

### E.  Count VII Seeking Declaratory Relief Must Be Dismissed As Plaintiff Fails To Meet The Established Criteria For Setting Forth Such A Claim under 28 U.S.C.S. §2201

The primary purpose of 28 U.S.C.S. §2201 is to avoid accrual of avoidable damages to one not certain of his rights and to afford him early adjudication without waiting until his adversary should see fit to begin suit after the damage has accrued. Its additional purpose is to clarify legal relationships before they have been disturbed or the participant's rights violated. *Travelers Ins. Co., v. Davis*, 490 F2d 536 (CA3 PA 1974)

A declaratory judgment provides prospective relief. *White v. Califano*, 581 F2d 697 (CA8 SD 1978). Its purpose is to settle actual controversies before they ripen into violations of law or breach of duty. *United States v. Fisher – Otis Co*., 496 F2d 1146 (CA10 OKLA 1974).

In addition, the object of the Federal Declaratory Judgment Act is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into federal courts adjudication of causes properly cognizable by state courts. *Travelers, supra.*

In this case, Plaintiffs Count VII in which he requests declaratory relief is entirely misplaced for two reasons: 1) the relief he seeks is not prospective as recognized by statute.  His complaint instead seeks to award monetary damages for an action already adjudicated in state courts. 2) By attempting to draw this federal court in adjudicating

causes already decided in state court, Plaintiff is essentially seeking a new tribunal – also contrary to the purpose of the statute.

Based on the above, Plaintiff's Count VII must be dismissed.

**F.    Complaints against County Sheriff Dever and Jane Doe Dever Must Be Dismissed Because The Complaint Alleges No Conduct Concerning Them**

Although named as Defendants, the text of the Complaint does not mention Sheriff Dever or "Jane Doe Dever". Nor does it state any applicable theory on which they might be liable. Even assuming for the sake of argument that the Complaint might be stretched to allege liability against Sheriff Dever via *respondeat superior*, for the reasons set forth above none of the counts against Deputy Camacho can stand, and therefore cannot stand against Sheriff Dever and his wife.

**G.    All State Law Claims Must Be Dismissed With Prejudice Because the Plaintiff Failed to File a Notice of Claim Against the County Within Six Months After the Cause of Action Accrued**

A.R.S. §12-821.01 requires that any person who has a claim against a public entity or its employee must first submit notice of this claim to the governmental body. This notice must include sufficient facts to allow the claim to be investigated and include a specific amount for settlement. This notice is a pre-requisite to bringing suit against the government. It must be served within six months after the cause of action accrued. Failure to comply with A.R.S. §12-821.01 means there is no jurisdiction over this claim. *Blanvelt v. County of Maricopa*, 160 Ariz. 77, 770 P.2d 381 (Ariz.App. 1988); *Mammo v. State*, 138 Ariz. 528, 675 P.2d 1347 (Ariz.App. 1983).

The Plaintiff's Complaint fails to allege that he has served such a notice of claim, and in fact he has not done so. Accordingly, the Plaintiff's case must therefore be dismissed with prejudice. ("Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. §12-821.01).

**WHEREFORE**, for the reasons set out above, County Defendants respectfully request that the Complaint be dismissed.

RESPECTFULLY SUBMITTED this 6th day of February, 2007.

                          EDWARD G. RHEINHEIMER
                          Cochise County Attorney


                          By:   /s/ Terry Bannon
                                TERRY BANNON
                                Deputy County Attorney

Certificate of Service follows on next page

**CERTIFICATE OF SERVICE**

☐   I hereby certify that on February 6, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>   Honorable Cindy K. Jorgenson
>   United States District Court
>   District of Arizona
>   405 W. Congress St.
>   Tucson, AZ 85701
>
>   Terry Goddard
>   Attorney General
>   Rober W. Perry, Jr., Esq.
>   Assistant Attorney General
>   177 N. Church Ave., Ste. 1105
>   Tucson, AZ 85701-1114
>   *Attorneys for Arizona Defendants*

☐   I hereby certify that on February 6, 2007, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

>   James Nord
>   224 N. Canyon Drive
>   Sierra Vista, Arizona

                                   /s/ Annette Weems
                                   Legal Secretary II